■ PATRICK BRADY et al., Appellants, v COUNTY OF NASSAU et al., Defendants, and LISAANN STATIONERY, INC., Doing Business as V & O ENTERPRISES, LTD., et al., Respondents. [650 NYS2d 802] —In an action to recover damages, *inter alia,* for false arrest, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brucia, J.), entered November 15, 1995, which (1) granted the motion of the defendant 28-25 South, Inc., pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it, and (2) granted the motion of the defendant Lisaann Stationery, Inc., d/b/a V & O Enterprises, Ltd. for an order of preclusion against the plaintiffs.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Where a plaintiff's conduct is found to be willful and contumacious, it is within the court's discretion to grant either dismissal of the complaint or an order of preclusion (CPLR 3126; *see, Zletz v Wetansen,* 67 NY2d 711; *Rivers v Embassy Club,* 207 AD2d 876). Moreover, the absence of any excuse for the delay in responding to discovery demands, and the delaying party's failure to object to the demands, supports an inference that the failure to comply was willful (*see, Mills v Ducille,* 170 AD2d 657; *Brandi v Chan,* 151 AD2d 853; *Anteri v NRS Constr. Corp.,* 117 AD2d 696).

The record provides ample reason to conclude that the plaintiffs exhibited willful and contumacious conduct in failing to timely comply with both the repeated demands for disclosure and with the court-ordered discovery schedule. The plaintiffs did not offer any reasonable excuse for their noncompliance (*see, Rosner v Blue Channel Corp.,* 131 AD2d 654, 655). Under these circumstances, the Supreme Court did not improvidently exercise its discretion in granting the respective motions to dismiss and to preclude (*see, Rivers v Embassy Club,* 207 AD2d 876, *supra; Kirkland v Community Hosp.,* 187 AD2d 566; *Cataldo v Budget Rent A Car.,* 170 AD2d 475). Ritter, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.