■ MARYROSE ROBUSTELLI, Respondent, v ROBERT ROBUSTELLI, Appellant. [691 NYS2d 159] —In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated July 2, 1998, as granted that branch of the plaintiff's motion which was to preclude him from introducing evidence as to his finances at trial based upon his failure to comply with court-ordered discovery.

Ordered that the order is affirmed, with costs.

"In order to invoke the drastic remedy of preclusion, the court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Maillard v Maillard,* 243 AD2d 448, 449; *see,* CPLR 3126 [2]; *Vatel v City of New York,* 208 AD2d 524). The Supreme Court did not improvidently exercise its discretion in precluding the appellant from introducing evidence as to his finances at trial (*see, Maillard v Maillard, supra; Brady v County of Nassau,* 234 AD2d 408; *Kivo v Kivo,* 193 AD2d 585). The absence of any excuse for the defendant's delay in responding to the plaintiff's discovery demands, and his failure to object to the demands, supports the inference that the defendant's conduct was willful (*see, Brady v County of Nassau, supra*). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.