■ ELIZABETH PEARL, Respondent, v RICHARD PEARL, Appellant. [698 NYS2d 160] —In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered June 19, 1998, which, *inter alia,* awarded the plaintiff former wife a 10% share in his accounting business and sole ownership of the marital residence.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

It is well settled that a court has broad discretion in determining the nature and degree of the penalty to be imposed where a party has refused to comply with discovery demands (*see,* CPLR 3126 [2]; *Robustelli v Robustelli,* 262 AD2d 390; *Maillard v Maillard,* 243 AD2d 448). Here, the record clearly establishes the defendant's repeated failure to comply with prior orders of the Supreme Court for discovery was willful and contumacious. Thus, the defendant was properly precluded from submitting evidence relating to his finances and financial issues of fact were properly deemed to be resolved in favor of the plaintiff (*see, Brady v County of Nassau,* 234 AD2d 408; *Reed v Reed,* 93 AD2d 105).

In addition, contrary to the defendant's contention, under the circumstances presented here, the trial court properly selected a date as close to trial as practicable for valuation of the marital property (*see, Sagarin v Sagarin,* 251 AD2d 396; *Marcus v Marcus,* 137 AD2d 131; *Wegman v Wegman,* 123 AD2d 220).

The defendant's remaining contentions are without merit. O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.