■ Rachel Schaeffer, Respondent, v Allan Schaeffer, Appellant. [741 NYS2d 895] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated December 12, 2000, which, inter alia, granted the plaintiff's motion to impose a sanction upon him pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, with costs.

The sanctions provisions of 22 NYCRR 130-1.1 are designed, among other things, to limit the prevalence of frivolous and harassing behavior. Thus, the rule provides that conduct is frivolous if "(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]; cf. Breslaw v Breslaw, 209 AD2d 662). In this action for a divorce and ancillary relief, the defendant, by means of deceit and subterfuge, commenced a foreign divorce action after he had appeared in this action and had submitted to the jurisdiction of the New York courts, and after the plaintiff moved to hold him in contempt for failure to comply with a pendente lite order. The record establishes that the actions of the defendant were made

in bad faith, to circumvent the pendente lite order and the pending contempt proceeding, and solely for the purpose of harassing and maliciously injuring the plaintiff. Therefore, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to impose a sanction pursuant to 22 NYCRR 130-1.1.

Moreover, the Supreme Court correctly refused to recognize the divorce granted in Israel. The facts and circumstances of this case clearly "support the proposition that the particular divorce decree of the foreign country was the product of individualized fraud or coercion or oppression" (*Matter of Gotlib v Ratsutsky*, 83 NY2d 696, 699-700). The proceeding in Israel was the result of the fraud, duress, and deceit practiced by the defendant upon the plaintiff and the courts. Therefore, the Supreme Court was not obligated to extend comity to the divorce granted in Israel (*see e.g., Insanally v Insanally*, 228 AD2d 251, 253).

The defendant's remaining contentions are without merit. Ritter, J.P., Smith, Luciano and Crane, JJ., concur.