■ BEATRICE JAFFE, Appellant, v BRUCE HUBBARD, Respondent. [751 NYS2d 491] —In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an or-

der of the Supreme Court, Kings County (Mason, J.), dated September 4, 2001, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3126 to the extent of precluding her from giving oral or written testimony, supporting or opposing claims and defenses, producing evidence or items of testimony at trial, introducing evidence at trial, and producing witnesses at trial.

Ordered that the order is affirmed, with costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who has refused to obey an order or wilfully fails to disclose information which should be disclosed is a matter within the discretion of the court (*see Nicoletti v Ozram Transp.*, 286 AD2d 719; *Pearl v Pearl,* 266 AD2d 366; *DeJulio v Wulf,* 260 AD2d 425; *Brady v County of Nassau,* 234 AD2d 408). Absent an improvident exercise of discretion, a determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR should not be disturbed (*see Miller v Duffy,* 126 AD2d 527, 528).

The defendant made a prior motion to compel disclosure, and the Supreme Court granted the motion to the extent of directing the plaintiff to deliver certain documents and to appear for a deposition by a date certain. Thereafter, the dates for disclosure were set forth in a preliminary conference order. However, the plaintiff failed to comply with either of the orders compelling disclosure, and failed to provide a reasonable excuse for her failure. Accordingly, the Supreme Court properly exercised its discretion in precluding the plaintiff from giving oral or written testimony, supporting or opposing claims or defenses, producing evidence or items of testimony at trial, introducing evidence at trial, and producing witnesses at trial (*see Pearl v Pearl, supra*; *Brady v County of Nassau, supra*). Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.