■ Felix Perez et al., Respondents, v Muller Machinery Co., Inc., et al., Defendants, and United Rentals Corp., Appellant. [796 NYS2d 713]—

In an action, inter alia, to recover damages for personal injuries based on strict products liability, the defendant United Rentals Corp. appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Queens County (Satterfield, J.), dated January 26, 2004, as denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it, and (2) an order of the same court dated May 19, 2004, as denied its motion for leave to renew and reargue its prior motion.

Ordered that the order dated January 26, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated May 19, 2004, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 19, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

While the appellant presented new evidence in support of that branch of its motion which was for leave to renew, a mo-

tion for leave to renew should be denied unless the moving party offers a reasonable justification as to why the new facts were not submitted on the prior motion. Here, the Supreme Court properly denied that branch of the appellant's motion which was for leave to renew, as the justification offered by the appellant was not reasonable (*see* CPLR 2221 [e] [2], [3]; *Baker v Monarch Life Ins. Co.*, 12 AD3d 630 [2004]).

The appellant's remaining contentions are without merit. Florio, J.P., Adams, Mastro and Lifson, JJ., concur.