■ INCORPORATED VILLAGE OF COVE NECK, Respondent, v MADELEINE PETRARA, Appellant, et al., Defendants. [850 NYS2d 577]—

In an action to permanently enjoin the defendant Madeleine Petrara from renting her accessory dwellings and rooms in her principal dwelling in violation of certain zoning ordinances of the plaintiff, Incorporated Village of Cove Neck, the defendant Madeleine Petrara appeals from (1) an order of the Supreme Court, Nassau County (Woodard, J.), entered October 13, 2005, which granted the plaintiff's motion, inter alia, pursuant to CPLR 3126 to deem resolved for purposes of the action that Madeleine Petrara was renting her accessory dwellings and rooms in her principal dwelling in violation of certain zoning ordinances, and for summary judgment, and (2) so much of an order of the same court entered April 5, 2006, as denied that branch of her motion which was for leave to renew.

Ordered that the order entered October 13, 2005 is affirmed; and it is further,

Ordered that the order entered April 5, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant Madeleine Petrara is the owner of a 4.7-acre

parcel of property located within the plaintiff, Incorporated Village of Cove Neck (hereinafter the Village), consisting of a main house and two accessory dwellings comprised of a gate house and carriage house. Since purchasing the property in 1981, Petrara has rented out the accessory dwellings in violation of the Village zoning ordinance. Despite being found guilty in April 2000 of violating the Village zoning ordinance by reason of her rental of the accessory dwellings, Petrara continued her illegal rental activities until February 2003. At that time, the Supreme Court dismissed her CPLR article 78 proceeding, in which she sought to obtain a variance permitting her to rent her accessory dwellings. Upon appeal, this Court affirmed the dismissal (see Matter of Petrara v Lieber, 7 AD3d 532 [2004]).

In October 2003 the Village, alleging that Petrara continued to rent her accessory dwellings, as well as rooms within her principal dwelling, commenced the instant action to permanently enjoin her from renting her accessory dwellings and rooms in her principal dwelling in violation of certain Village zoning ordinances. As an affirmative defense, Petrara alleged that any persons, other than herself, residing at the subject property were domestic employees, not tenants paying rent, and thus were permitted, pursuant to Village Zoning Ordinance § 175-14 (c), to reside on the property. The Village subsequently served Petrara with interrogatories requesting information pertaining to, inter alia, the identity of all persons residing at the property since January 1, 1999. In response, Petrara stated that she had no documentation or recollection of any persons residing at her property since that time.

Thereafter the Village moved, inter alia, pursuant to CPLR 3126 to deem resolved in its favor the issue of whether Petrara was renting her accessory dwellings and rooms in her principal dwelling in violation of certain Village zoning ordinances and for summary judgment. In opposition to the motion, Petrara submitted, among other things, the affidavits of the residents in her accessory dwellings who claimed to be her domestic employees.

Where a party fails or willfully refuses to make disclosure, CPLR 3126 authorizes the court, inter alia, to issue "an order that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order" (CPLR 3126 [1]). The court has "broad discretion in determining the nature and degree of the penalty to be imposed where a party has refused to comply with discovery demands" (Pearl v Pearl, 266 AD2d 366, 366 [1999]). Here, Petrara's alleged inability to recall who

resided at her property since 1999 was incredible in light of her history of renting her accessory dwellings since 1981 and her submission, in response to the Village's motion, of the affidavits of two of her present residents. Her conduct and the absence of any excuse for her noncompliance supports an inference that her conduct was willful (*see Brady v County of Nassau*, 234 AD2d 408 [1996]). Under these circumstances, the Supreme Court providently exercised its discretion in deeming the issues resolved, as a matter of law, in the Village's favor and against Petrara (*see* CPLR 3126 [1]; *Pearl v Pearl*, 266 AD2d 366 [1999]; *Kramme v Town of Hempstead*, 100 AD2d 447 [1984]). Thus, summary judgment was properly granted to the Village.

Petrara then moved, inter alia, for leave to renew her opposition to the Village's motion. Although that branch of Petrara's motion was based, in part, on new facts, Petrara failed to offer a reasonable justification for the failure to present such facts on the prior motion. Therefore, the Supreme Court properly denied that branch of the motion (*see* CPLR 2221 [e] [2], [3]; *Osborne v Evans*, 47 AD3d 904 [2008] [decided herewith]; *Perez v Muller Mach. Co., Inc.*, 19 AD3d 468, 469 [2005]).

Petrara's remaining contention is without merit. Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.