■ HOWARD NASH, Appellant, v ELIZABETH YABLON-NASH, Respondent. [878 NYS2d 382]—

In a matrimonial action in which the parties were divorced by judgment entered March 20, 1996, the plaintiff appeals from an order of the Supreme Court, Kings County (Platt, J.H.O.), entered January 17, 2008, which, in effect, denied his motion to vacate the stipulation of settlement entered into between the parties dated May 4, 2007, or, alternatively, to direct that the stipulation of settlement is silent on the issue of college tuition for the parties' daughter and does not authorize the immediate 65% garnishment of his salary, and granted the defendant's cross motion to impose a sanction against him pursuant to 22 NYCRR 130-1.1 to the extent of awarding the defendant an attorney's fee in the principal sum of $9,943.84.

Ordered that the order is affirmed, with costs.

Open-court stipulations of settlement are judicially favored, and will not lightly be set aside (see *Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Matter of Blackstock v Price,* 51 AD3d 914 [2008]). While stipulations of settlement may be

vacated when there is sufficient cause to set aside a contract, such as in instances of fraud, collusion, mistake, or accident (*see Matter of Blackstock v Price*, 51 AD3d 914 [2008]), here the plaintiff's contention that the stipulation of settlement should have been vacated focuses on whether the stipulation of settlement, read into the record on May 4, 2007, failed to comply with the so-called "opt-out/deviation" provisions of the Child Support Standards Act contained in Domestic Relations Law § 240 (1-b) (h). However, the plaintiff's contention is not properly before this Court as it is raised for the first time on appeal, and further, refers to matter dehors the record (*see Kalousdian v Kalousdian*, 35 AD3d 669 [2006]; *Dudla v Dudla*, 304 AD2d 1009 [2003]).

The plaintiff further contends that the stipulation of settlement does not obligate him to pay 50% of the college expenses of the parties' daughter. Pursuant to a court order or a stipulation of settlement, a parent may be directed as part of his or her basic child support obligation to contribute to a child's college educational expenses (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *Comstock v Comstock*, 1 AD3d 307, 308 [2003]). Here, the stipulation states in clear and unequivocal terms that the plaintiff "agrees to pay 50% of the educational and related expenses for his children." Since the provision uses the broader term "educational and related expenses," it is clear that it includes college expenses.

The Supreme Court providently exercised its discretion in granting the defendant's cross motion to impose a sanction against the plaintiff pursuant to 22 NYCRR 130-1.1 to the extent of awarding the defendant an attorney's fee (*see Schaeffer v Schaeffer*, 294 AD2d 420 [2002]).

The plaintiff's remaining contentions are either not properly before this Court or without merit. Skelos, J.P., Florio, Balkin and Belen, JJ., concur.