10 Avenue Realty, LLC, Respondent,
against
Dorota Hus, Tenant, and Jan Hus, Appellant. NO. DECIDED Jan Hus, appellant pro se. Law Offices of Scott D. Gross, Matthew N. Kaufman, Esq., for respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Thomas M. Fitzpatrick, J.), dated August 26, 2015. The order denied tenant Jan Hus's motion, in effect, to vacate a stipulation and the final judgment entered pursuant thereto in a nonpayment summary proceeding.




ORDERED that the order is affirmed, without costs.
In this nonpayment proceeding, Jan Hus (tenant) moved, in effect, to vacate a so-ordered stipulation of settlement and the final judgment entered pursuant thereto, alleging that there had been a "rent overcharge." Tenant did not submit any documentary evidence in support of the motion. The Civil Court denied the motion.
It is well settled that stipulations of settlement are judicially favored and will not easily be set aside (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]). While stipulations of settlements may be vacated on grounds sufficient to set aside a contract, such as fraud, mistake, collusion or accident (see Nash v Yablon-Nash, 61 AD3d 832 [2009]), a party should not be relieved from the consequences of a stipulation, particularly one that has been so-ordered by the court, absent a sufficient or compelling showing of one of these [*2]grounds (see Cavalry Portfolio Servs., LLC v Williams, 38 Misc 3d 138[A], 2013 NY Slip Op 50184[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Tenant's conclusory allegation that landlord had been overpaid was insufficient to vacate the stipulation.
We note that we do not consider those factual assertions contained in, or the exhibits attached to, tenant's brief which, not having been presented to the Civil Court, are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]; Blum v Yuabov, 12 Misc 3d 139[A], 2006 NY Slip Op 51333[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]).
Accordingly, the order is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017