Trevor Cumberbatch, Respondent,
against
Kenneth Burnham and Sonia Burnham, Appellants.
Kenneth Burnham and Sonia Burnham, appellants pro se.
The Hinds Law Firm, LLC, respondent pro se (no brief filed).



Appeal from an order of the Civil Court of the City of New York, Kings County (Bruce E. Scheckowitz, J.), dated September 2, 2015. The order, insofar as appealed from, granted landlord's cross motion, in effect, to amend the final judgment to include a monetary award to landlord in the sum of $6,600.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this holdover proceeding, tenants agreed in a so-ordered stipulation of settlement that landlord would be granted a final judgment of possession and a warrant would issue, with execution stayed until June 30, 2015, in return for which landlord would waive all arrears and use and occupancy, totalling $6,600, if tenants vacated the premises by June 30, 2015. Upon a default by tenants, landlord could move for a money judgment. Tenants failed to move out by June 30, 2015 and successfully brought several orders to show cause, alleging that they were having difficulty securing a new apartment, and requesting more time to vacate the premises. On tenants' third order to show cause, landlord cross-moved, in effect, to amend the final judgment to include an award for the $6,600 that had been conditionally waived pursuant to the stipulation. Tenants appeal from so much of an order of the Civil Court dated September 2, 2015 as granted landlord's cross motion. 
It is well settled that stipulations of settlement are judicially favored and will not easily be set aside (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]). While stipulations of settlement may be vacated on grounds sufficient to set aside a contract, such as fraud, mistake, collusion or accident (see Nash v Yablon-Nash, 61 AD3d 832 [2009]), a party should not be relieved from the consequences of a stipulation, particularly one which has been so-ordered by the court, absent a sufficient or compelling showing based on one of these grounds (see Cavalry Portfolio Servs., LLC v Williams, 38 Misc 3d 138[A], 2013 NY Slip Op 50184[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, tenants, who stipulated that, upon a default under the stipulation, landlord would be entitled to a money judgment, have failed to demonstrate the existence of such grounds.
Accordingly, the order, insofar as appealed from, is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur. 

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017