■ ADAM ROSENSTOCK, Respondent, v NATALYA ROSENSTOCK, Appellant. [51 NYS3d 593]—

Appeals by the mother from five orders of the Supreme Court, Kings County (Rachel A. Adams, J.), dated October 7, 2014 (two orders), October 23, 2014, and October 24, 2014 (two orders). The first order, insofar as appealed from, granted that branch of the father's motion which was for pendente lite relief to the extent of directing the mother to pay temporary child support and 20% of unreimbursed medical and child care expenses. The second order, insofar as appealed from, denied the mother's cross motion to vacate an order of protection dated February 27, 2014. The third order, insofar as appealed from, granted those branches of the father's motion which were to direct the mother to pay pendente lite child support arrears, to preclude the mother from offering specified evidence at trial, and to find the mother in violation of the order of protection dated February 27, 2014. The fourth order committed the mother to a term of incarceration of six days, and suspended the sentence subject to her future compliance with the February 27, 2014, order of protection. The fifth order granted that branch of the father's motion which was for an award of attorneys' fees.

Ordered that the first, second, and third orders are affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the fourth and fifth orders are affirmed, without costs or disbursements.

The parties were married in 2009 and have two children. In 2011, the father commenced this action for a divorce and ancillary relief. In an order dated September 13, 2011, the parties stipulated that the mother would have custody of the children and the father would have visitation every Thursday and every other weekend. In an order dated September 10, 2012, after a hearing, the Supreme Court found the mother in contempt for failing to comply with the visitation schedule. After the mother failed to purge herself of the contempt by complying with the visitation schedule, the court, in an order dated January 11, 2013, awarded the father temporary custody of the children. In February 2013, the father moved by order to show cause for an order of protection. In an order of protection dated February 27, 2014, the court, after a hearing, directed the mother, inter alia, to stay away from the father and the children and refrain from contacting them electronically, subject to subsequent orders of visitation.

Between February 18, 2014, and August 18, 2014, the father made three motions seeking, inter alia, pendente lite child support, to preclude the mother from offering any evidence at trial on the issue of her finances, a finding that the mother violated the order of protection, and an award of attorneys' fees. The mother cross-moved for an order vacating the order of protection dated February 27, 2014. In the orders appealed from, the Supreme Court resolved the issues raised in the father's motions and the mother's cross motion.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires (*see Tzu Ching Kao v Bonalle*, 145 AD3d 703 [2016]; *Yerushalmi v Yerushalmi*, 136 AD3d 809, 811 [2016]; *Dowd v Dowd*, 74 AD3d 1013, 1014 [2010]). Here, the Supreme Court providently exercised its discretion in directing the mother to pay temporary child support in the sum of $587.50, retroactive to February 18, 2014, and directing that she would be responsible for paying 20% of unreimbursed medical and child care expenses (*see Lundgren v Lundgren*, 127 AD3d 938, 940 [2015]; *McMahon v McMahon*, 94 AD3d 958 [2012]). Any perceived inequity in the award of temporary child support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Davis v Davis*, 144 AD3d 623, 624 [2016]; *Vistocco v Jardine*, 116 AD3d 842 [2014]; *Reardon v Gosnell*, 80 AD3d 593 [2011]; *Swickle v Swickle*, 47 AD3d 704 [2008]).

Additionally, the Supreme Court providently exercised its discretion in precluding the mother from offering any evidence at trial on the issue of her finances which contradicts the information that she submitted in opposition to the motion. Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court (*see Isaacs v Isaacs*, 71 AD3d 951, 952 [2010]; *Lotardo v Lotardo*, 31 AD3d 504 [2006]). The record supports a finding that the mother's repeated failure to comply with prior discovery orders of the Supreme Court was willful and contumacious (*see Cornish v Eraca-Cornish*, 107 AD3d 1322, 1325 [2013]; *Pearl v Pearl*, 266 AD2d 366 [1999]; *Robustelli v Robustelli*, 262 AD2d 390 [1999]).

The Supreme Court properly denied the mother's cross motion to vacate the order of protection. Although Penal Law § 240.30 (1) could not serve as the basis for the order of protection, as that statute has been struck down by the Court of Appeals as unconstitutionally vague and overbroad (*see People v*

*Golb,* 23 NY3d 455 [2014]; *Matter of Arnold v Arnold,* 119 AD3d 938 [2014]), the court properly found that the proof adduced at the hearing also established that the mother committed the family offense of harassment in the second degree (*see Matter of Maureen H. v Bryon I.,* 140 AD3d 1408, 1410 [2016]). The evidence demonstrated that the mother, with the intent to harass, annoy, or alarm the father, engaged in a course of conduct which alarmed and seriously annoyed the father, and which served no legitimate purpose (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [3]; *see also Matter of Frimer v Frimer,* 143 AD3d 895, 896 [2016]; *Matter of Pochat v Pochat,* 125 AD3d 660, 661-662 [2015]). Accordingly, there is no basis to disturb the order of protection.

Moreover, as the mother admitted that she sent a text message to the father in violation of the order of protection, the Supreme Court properly found her to be in contempt (*see Matter of Lapham v Osik,* 83 AD3d 941 [2011]; *Matter of People v Hooks,* 64 AD3d 1075, 1076 [2009]; *Matter of Rubackin v Rubackin,* 62 AD3d 11, 22 [2009]; *Matter of Garbitelli v Broyles,* 257 AD2d 621 [1999]).

Finally, the Supreme Court providently exercised its discretion in awarding attorneys' fees to the father (*see* Domestic Relations Law § 238; *Pelgrim v Pelgrim,* 127 AD3d 710, 714 [2015]). Mastro, J.P., Chambers, Miller and Barros, JJ., concur.