■ DAVID CAPUTO, Respondent, v COLLEEN CAPUTO, Appellant. [59 NYS3d 84]—

Appeal from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated September 22, 2016. The order, insofar as appealed from, granted the defendant's motion for pendente lite relief to the extent of awarding her the sums of only $150 per month in temporary maintenance, $1,000 per month in temporary child support, and $2,500 in interim counsel fees.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant were married in October 1997, and have four children together. In April 2015, the plaintiff commenced this action for a divorce and ancillary relief. The defendant moved for pendente lite relief seeking, inter alia, temporary maintenance in the sum of $3,613.71,

temporary child support in the sum of $2,613.89 per month, and an award of interim counsel fees in the sum of $5,000. In the order appealed from, the Supreme Court, inter alia, calculated the presumptive awards of temporary maintenance and child support, but found that the presumptive awards would be inappropriate in light of the fact that the plaintiff had continued to maintain the marital residence, the parties' vehicles, and insurance, and make all payments relating to the children's healthcare. Therefore, the court downwardly deviated from the presumptive awards and awarded the defendant the sums of $1,000 per month in temporary child support and $150 per month in temporary maintenance. The court also awarded the defendant interim counsel fees, but only to the extent of awarding her the sum of $2,500. The defendant appeals, arguing, among other things, that she is entitled to increased pendente lite awards and counsel fees.

Domestic Relations Law § 236 (B) (5-a) (c) sets forth formulas a court must use to determine the presumptively correct amount of temporary maintenance (*see Goncalves v Goncalves*, 105 AD3d 901, 902 [2013]; *Woodford v Woodford*, 100 AD3d 875, 876-877 [2012]). A court may deviate from the presumptive award only where it finds that the presumptive award "is unjust or inappropriate" (Domestic Relations Law § 236 [B] [5-a] [h] [1]). Under such circumstances, the court must "set forth, in a written decision or on the record, the guideline amount of temporary maintenance, the factors it considered, and the reasons that the court adjusted the guideline amount of temporary maintenance" (Domestic Relations Law § 236 [B] [5-a] [h] [2]). Where the court's award is in accordance with the statute, "[m]odifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (*Levakis v Levakis*, 7 AD3d 678, 678 [2004]; *see Rosenstock v Rosenstock*, 149 AD3d 887 [2017]; *Tzu Ching Kao v Bonalle*, 145 AD3d 703, 704 [2016]; *Su v Su*, 128 AD3d 949, 949-950 [2015]; *Malik v Malik*, 66 AD3d 968 [2009]).

"The formula to determine temporary spousal maintenance that is outlined in Domestic Relations Law § 236 (B) (5-a) (c) is intended to cover all of a payee spouse's basic living expenses, including housing costs, the costs of food and clothing, and other usual expenses" (*Vistocco v Jardine*, 116 AD3d 842, 843 [2014]; *see Su v Su*, 128 AD3d at 950; *Khaira v Khaira*, 93 AD3d 194, 200 [2012]). Here, much of the defendant's basic living expenses that would be included in the presumptive award

of temporary maintenance were already being paid by the plaintiff. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in downwardly deviating from the presumptive award of temporary maintenance. Moreover, the defendant failed to demonstrate that the pendente lite maintenance award has left her unable to meet her financial obligations (*see Su v Su*, 128 AD3d at 950).

The Supreme Court also did not improvidently exercise its discretion in fixing the amount of temporary child support (*see generally* Domestic Relations Law § 236 [B] [7]). Furthermore, any perceived inequities in pendente lite support and maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Rosenstock v Rosenstock*, 149 AD3d 887 [2017]; *Tzu Ching Kao v Bonalle*, 145 AD3d at 704; *Maksoud v Maksoud*, 71 AD3d 643, 644 [2010]).

An award of interim counsel fees is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case (*see* Domestic Relations Law § 237 [a]; *Vistocco v Jardine*, 116 AD3d at 844; *Prichep v Prichep*, 52 AD3d 61, 64 [2008]). The Supreme Court did not improvidently exercise its discretion in awarding the defendant the sum of $2,500 in counsel fees.

The defendant's remaining contention is without merit. Balkin, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.