AVR Carle Place Associates, LLC, Doing Business as Homewood Carle Place, Respondent,
against
Donna Rosu-Almazon, Appellant.




Donna Rosu-Almazon, appellant pro se.
Jay A. Marshall, Esq., for respondent.

Appeal from an order of the District Court of Nassau County, First District (Eric Bjorneby, J.), dated June 26, 2015. The order denied tenant's motion to, in effect, vacate a stipulation of settlement, and the final judgment and warrant entered pursuant thereto, in a nonpayment summary proceeding.




ORDERED that the order is affirmed, without costs.
In this nonpayment proceeding, the parties entered into an initial stipulation of settlement, in April 2015, pursuant to which tenant consented to the entry of a money judgment of $36,670.70 in favor of landlord and the issuance of a warrant of eviction, and landlord agreed to refrain from delivering the warrant of eviction to the Nassau County Sheriff until May 30, 2015 if tenant paid $4,170 to landlord by May 13, 2015, and to vacate the judgment if tenant paid the full money judgment by May 30, 2015. That stipulation was superseded by an amended stipulation of settlement dated June 2, 2015, in which the parties acknowledged, among other things, that tenant had made a payment to landlord of $4,170, and in which landlord agreed to refrain from delivering a warrant of eviction to the Nassau County Sheriff prior to June 3, 2015 if tenant paid landlord $10,000 by that date, and tenant agreed that, in the event that landlord failed to receive the $10,000 payment by June 3, 2015, the eviction could proceed without further notice to tenant.
On June 2, 2015, the same day she entered into the amended stipulation, tenant moved to, in effect, vacate the stipulation of settlement and the final judgment of possession and warrant of eviction. In her supporting affidavit, tenant, who had moved into the subject premises after her home had been damaged by Hurricane Sandy, stated that she had made a "good faith" payment to landlord of $4,300, but indicated that she had failed to pay the balance due to landlord because [*2]she had not yet received monetary assistance from a third party.
In opposition to tenant's motion, landlord's attorney asserted that landlord had complied with the amended stipulation, and argued that since tenant had failed either to comply with the terms of the amended stipulation or to establish any legally cognizable excuse for her noncompliance, tenant's motion should be denied. The District Court denied the motion.
It is well settled that stipulations of settlement are judicially favored and will not easily be set aside (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]). While stipulations of settlement may be vacated on grounds sufficient to set aside a contract, such as fraud, mistake, collusion or accident (see Nash v Yablon-Nash, 61 AD3d 832 [2009]), since tenant failed to demonstrate any of these grounds, or that the stipulations of settlement had been entered into unadvisedly (see Matter of Frutiger, 29 NY2d at 150; 443-445 Jefferson Ave., LLC v Severin, 55 Misc 3d 140[A], 2017 NY Slip Op 50565[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; 270 Glenmore Ave., LLC v Blondet, 55 Misc 3d 133[A], 2017 NY Slip Op 50437[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), tenant's motion was properly denied.
Accordingly, the order is affirmed.
GARGUILO, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2017