Fillmore Gardens Cooperative, Inc., Respondent,
against
Public Administrator, Richmond County, as Personal Representative of the Estate of Susan Margolis, Also Known as Susan Bernstein, Tenant, Joan Bernstein, Undertenant, and Shawn Watson, Appellant.




Shawn Watson, appellant pro se.
Daniels, Norelli, Scully & Cecere, P.C. (Robert Cecere, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marcia J. Sikowitz, J.), dated January 25, 2016. The order denied a motion by occupant Shawn Watson to, in effect, vacate a so-ordered stipulation of settlement, and the final judgment and warrant entered pursuant thereto, in a nonpayment summary proceeding.




ORDERED that the order is affirmed, without costs.
In this nonpayment proceeding, the representative of the estate of the tenant of record, Susan Margolis, failed to appear or answer the petition. A guardian ad litem (GAL) was appointed to represent undertenant Joan Bernstein, and, in January 2015, landlord, Bernstein, through her GAL, and occupant Shawn Watson (who was substituted for the "John Doe" undertenant) entered into a so-ordered stipulation of settlement in which Bernstein and Watson admitted that landlord was owed $74,452.62 and agreed to pay landlord that sum by a date certain, in default of which landlord could accelerate the execution of the warrant. The stipulation awarded landlord a final judgment of possession and a warrant, which warrant was stayed. Thereafter, no payments were made pursuant to the terms of the stipulation. In January 2016, Watson moved to, in effect, vacate the stipulation, final judgment and warrant, claiming, [*2]among other things, that he did not understand that the stipulation applied to him. The Civil Court denied Watson's motion.
It is well settled that stipulations of settlement are judicially favored and will not easily be set aside (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]). While stipulations of settlement may be vacated on grounds sufficient to set aside a contract, such as fraud, mistake, collusion or accident (see Nash v Yablon-Nash, 61 AD3d 832 [2009]), a party should not be relieved from the consequences of a stipulation absent a sufficient showing of one of these grounds (see Cavalry Portfolio Servs., LLC v Williams, 38 Misc 3d 138[A], 2013 NY Slip Op 50184[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, although Watson was allowed to appear in the proceeding (see RPAPL 743), he is not a named tenant on the proprietary lease and he failed to show any defense to the nonpayment proceeding or to establish sufficient grounds to vacate the stipulation (see Cavalry Portfolio Servs., LLC v Williams, 38 Misc 3d 138[A], 2013 NY Slip Op 50184 [U]). Thus, the Civil Court properly denied his motion. We note that this court will not consider statements or documents which are dehors the record on appeal (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is affirmed.
WESTON, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 17, 2017