Noy v Noy (2018 NY Slip Op 02638)





Noy v Noy


2018 NY Slip Op 02638


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-08838
 (Index No. 201724/14)

[*1]Sharon Noy, respondent, 
v
Isaac Noy, appellant.


Barket Epstein & Kearon, LLP, Garden City, NY (Elaine Jackson Stack of counsel), for appellant.
Sager Gellerman Eisner LLP, Forest Hills, NY (Alyssa Eisner of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated August 4, 2015. The order, inter alia, granted that branch of the plaintiff's motion which was for pendente lite relief to the extent of directing the defendant to pay temporary maintenance in the sum of $1,000 per week and temporary child support in the sum of $2,000 per week, and denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(2) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were married in 1990 and have five children together. In 2014, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, the plaintiff moved, inter alia, for an award of temporary maintenance and child support. The defendant cross-moved, among other things, pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction, contending that the complaint must be dismissed because the parties are already divorced pursuant to a valid divorce decree granted in Israel. In an order dated August 4, 2015, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for pendente lite relief to the extent of directing the defendant to pay temporary maintenance in the sum of $1,000 per week and temporary child support in the sum of $2,000 per week, and denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(2) to dismiss the complaint. The defendant appeals.
The Supreme Court correctly declined to recognize the divorce granted in Israel. The facts and circumstances of this case demonstrate that the divorce decree granted in Israel was the result of fraud, duress, and deceit practiced by the defendant upon the plaintiff (see Matter of Gotlib v Ratsutsky, 83 NY2d 696, 699-700; Schaeffer v Schaeffer, 294 AD2d 420, 421). Therefore, the court was not obligated to extend comity to the divorce granted in Israel (see Schaeffer v Schaeffer, 294 AD2d at 421; Insanally v Insanally, 228 AD2d 251, 253), and properly denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(2) to dismiss the complaint.
The Supreme Court did not improvidently exercise its discretion in fixing the amount of temporary maintenance and child support (see Domestic Relations Law § 236[B][5-a][c]; [7]). Any perceived inequities in pendente lite maintenance and child support are best remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (see Caputo v Caputo, 152 AD3d 643, 645; Rosenstock v Rosenstock, 149 AD3d 887, 888; Tzu Ching Kao v Bonalle, 145 AD3d 703, 704; Maksoud v Maksoud, 71 AD3d 643, 644).
The defendant's remaining contention is improperly raised for the first time on appeal and, therefore, is not properly before this Court (see Johnson v City of New York, 148 AD3d 1126, 1127; Robles v Brooklyn-Queens Nursing Home, Inc., 131 AD3d 1032, 1033).
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court