Greim v Greim (2020 NY Slip Op 00107)





Greim v Greim


2020 NY Slip Op 00107


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2018-13361
 (Index No. 200211/08)

[*1]Keith Greim, respondent,
v
Jullianne Greim, appellant.


A. Cohen Law Firm, P.C., Valley Stream, NY (Avinoam Cohen of counsel), for appellant.
Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Jason Isaacson of counsel), for respondent.
Maureen McLoughlin, Garden City, NY, attorney for the child.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered August 18, 2009, the defendant appeals from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated August 20, 2018. The order, insofar as appealed from, after a hearing, inter alia, granted that branch of the plaintiff's motion which was to modify a so-ordered stipulation of custody entered June 16, 2008, which was incorporated but not merged into the parties' judgment of divorce, so as to award him sole custody of the parties' child to the extent of awarding him residential custody of the child, and directed the defendant to pay temporary child support in the sum of $50 per week.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties are the divorced parents of one child, born in 2004. In a so-ordered stipulation of custody, which was incorporated but not merged into the parties' judgment of divorce entered August 18, 2009, they agreed to share joint custody of the child, with primary residential custody to the defendant. In January 2018, the plaintiff moved, inter alia, to modify the so-ordered stipulation of custody so as to award him sole custody of the child. After a hearing, in an order dated August 20, 2018, the Supreme Court granted that branch of the plaintiff's motion to the extent of awarding him residential custody of the child. The court also, among other things, directed the defendant to pay temporary child support in the sum of $50 per week until a final order of child support could be entered, following financial discovery. The defendant appeals.
A party seeking modification of an existing custody or parental access arrangement must show that there has been a subsequent change of circumstances such that modification is required (see Matter of Wilson v McGlinchey, 2 NY3d 375, 380; Cohen v Cohen, 172 AD3d 998, 999). "Extraordinary circumstances are not a prerequisite to obtaining a modification; rather, the standard ultimately to be applied remains the best interests of the child when all of the applicable factors are considered'" (Matter of Wilson v McGlinchey, 2 NY3d at 381, quoting Friederwitzer v Friederwitzer, 55 NY2d 89, 95; see Cook v Cook, 142 AD3d 530, 533; Cuccurullo v Cuccurullo, [*2]21 AD3d 983, 984). Since any determination related to custody depends upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173; Hogan v Hogan, 159 AD3d 679, 681; Cunningham v Brutman, 150 AD3d 815). Contrary to the defendant's contention, the Supreme Court's determinations that there had been a change in circumstances, and that a transfer of residential custody to the plaintiff would be in the child's best interests, have a sound and substantial basis in the record and, thus, will not be disturbed.
The defendant's contention that the Supreme Court was biased against her is unpreserved for appellate review. A party claiming court bias must preserve an objection and move for the court to recuse itself (see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894; Matter of Bowe v Bowe, 124 AD3d 645, 646). In any event, the record shows that the court treated the parties fairly and did not have a predetermined outcome of the case in mind during the hearing (see Matter of Bowe v Bowe, 124 AD3d at 646; Matter of Davis v Pignataro, 97 AD3d 677, 678).
Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in declining to direct an independent forensic evaluation, as the court possessed sufficient information to render an informed decision regarding custody consistent with the child's best interests (see Matter of Jones v Nohar, 108 AD3d 631, 632; Matter of Solovay v Solovay, 94 AD3d 898, 900; Matter of Rhodie v Nathan, 67 AD3d 687).
"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (Rosenstock v Rosenstock, 149 AD3d 887, 888; see Vistocco v Jardine, 116 AD3d 842, 843). Here, the Supreme Court did not improvidently exercise its discretion in directing the defendant to pay temporary child support in the sum of $50 per week. Any perceived inequity in the award of temporary child support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (see Noy v Noy, 160 AD3d 885, 886-887; Caputo v Caputo, 152 AD3d 643, 645; Rosenstock v Rosenstock, 149 AD3d at 888).
The defendant's remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court