Union St. Houses Owners, LLC v Kriegsman (2021 NY Slip Op 50180(U))

[*1]

Union St. Houses Owners, LLC v Kriegsman

2021 NY Slip Op 50180(U) [70 Misc 3d 143(A)]

Decided on March 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1669 K C

Union Street Houses Owners, LLC,
Respondent,
against
Iraida Kriegsman, Appellant. 

Iraida Kriegsman, appellant pro se.
Rose & Rose (Jainey Samuel of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Eleanora
Ofshstein, J.), dated September 12, 2019. The order, insofar as appealed from, denied tenant's
motion to vacate a so-ordered stipulation of settlement in a nonpayment summary
proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this nonpayment proceeding, the parties executed a so-ordered two-attorney stipulation of
settlement on July 30, 2019 which provided, among other things, that tenant pay landlord an
agreed sum by August 31, 2019. On August 14, 2019, tenant, who receives a Section 8 subsidy,
moved to vacate the stipulation and, separately, to relieve her attorney and proceed pro se. Tenant
alleged, among other things, that she was being overcharged and that her attorney did not consult
her prior to signing the stipulation. In opposition to the motions, landlord submitted an affidavit
from its site manager which detailed the manner in which tenant's rent had been determined.
Landlord also submitted an affirmation from its attorney stating that counsel had executed the
stipulation of settlement with tenant's attorney, that he observed tenant in court consulting with
her attorney on July 30, 2019, and that the stipulation was crafted, in part, based upon tenant's
participation. It was also noted that tenant's attorney had stated, in court on August 22, 2019, that
she had discussed the stipulation with tenant. By order dated September 12, 2019, the Civil Court
stated that tenant's motion to represent herself was granted on consent and denied tenant's motion
to vacate the stipulation.
To the extent that tenant's appeal, from so much of the order as denied her motion to vacate
the stipulation, is based upon her claim that her attorney signed the stipulation without consulting
tenant, this claim is vague and unsubstantiated. Moreover, tenant has not rebutted [*2]landlord's specific factual allegations regarding her participation.
Thus, this claim is not a basis to vacate the stipulation. 
Tenant's bare allegation of a rent overcharge is also unsupported by the record, which
establishes that landlord adjusted tenant's rent after it received notice that tenant was no longer
employed. "It is well settled that stipulations of settlement are judicially favored and will not
easily be set aside (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of
Frutiger, 29 NY2d 143 [1971]). While stipulations of settlements may be vacated on grounds
sufficient to set aside a contract, such as fraud, mistake, collusion or accident (see Nash v Yablon-Nash, 61 AD3d
832 [2009]), a party should not be relieved from the consequences of the stipulation,
particularly one made in 'open court,' absent a sufficient or compelling showing of the above"
(Cach, LLC v Woodsnajac, 42 Misc 3d 129[A], 2013 NY Slip Op 52165[U], *1 [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, tenant has not offered any basis to
vacate the stipulation.
Accordingly, the order insofar as appealed from, is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 5, 2021