In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated November 2, 2012, as granted the defendant’s motion for pendente lite relief to the extent of awarding her the sum of $3,000 per week for temporary child support, directing him to pay the mortgage and taxes on the marital residence and the defendant’s car insurance, and awarding the defendant the sum of $12,500 in interim counsel fees and the sum of $3,500 in expert fees.
Ordered that the order is affirmed insofar as appealed from, with costs.
The parties were married in 1995 and have three unemancipated children. The plaintiff commenced this action for a divorce and ancillary relief, and the defendant moved for pendente lite relief. The Supreme Court awarded the defendant the sum of $3,000 per week for child support and $3,000 per week in temporary spousal maintenance, directed the plaintiff to pay the mortgage and taxes on the marital residence where the defendant resides with the parties’ children, directed the plaintiff *843 to pay the defendant’s car insurance, and awarded the defendant interim counsel fees and expert fees in the sums of $12,500 and $3,500, respectively.
The plaintiff argues that the Supreme Court erred in awarding the defendant $3,000 per week for temporary child support and that the court should have calculated his child support obligation pursuant to the Child Support Standards Act (hereinafter CSSA), which, applying the statutory income cap of $136,000, would have yielded a child support award of $3,286 per month. “Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances” (Otto v Otto, 13 AD3d 503, 503 [2004]). The plaintiff failed to establish exigent circumstances to justify a downward modification of the pendente lite award of child support.
In any event, the Supreme Court was not required to calculate the plaintiffs child support obligation pursuant to the CSSA (see George v George, 192 AD2d 693 [1993]; see also Domestic Relations Law § 236 [B] [7]). “The Child Support Standards Act . . . provides the formulas to be applied to the parties’ income and the factors to be considered in determining a final award of child support. Courts considering applications for pendente lite child support may, in their discretion, apply the CSSA standards and guidelines, but they are not required to do so” (Davydova v Sasonov, 109 AD3d 955, 957 [2013] [internal quotation marks and citation omitted]). Any perceived inequity in the award of pendente lite child support can best be remedied by a speedy trial, at which the parties’ financial circumstances can be fully explored (see Swickle v Swickle, 47 AD3d 704 [2008]).
The plaintiff also argues that the Supreme Court erred in directing him to pay, in addition to spousal maintenance, the mortgage and taxes on the marital residence and the defendant’s car insurance. He contends that the pendente lite maintenance award is intended to cover the defendant’s basic living expenses, which include the mortgage, property taxes, and her car insurance.
The formula to determine temporary spousal maintenance that is outlined in Domestic Relations Law § 236 (B) (5-a) (c) is intended to cover all of a payee spouse’s basic living expenses, including housing costs, the costs of food and clothing, and other usual expenses (see Khaira v Khaira, 93 AD3d 194 [2012]). However, it may be appropriate to direct payment by the monied spouse of the mortgage and taxes on the marital residence and other expenses of the nonmonied spouse under certain circumstances {see id.). Here, in light of the evidence that the plaintiffs *844 income exceeded $500,000 and the gross disparity between the plaintiff’s income and the defendant’s income, the Supreme Court properly awarded additional support in the form of a directive to the plaintiff to pay the mortgage and taxes on the marital residence (see Domestic Relations Law § 236 [B] [5-a] [c] [2] [a] [ii]), as well as the defendant’s car insurance (see e.g. Goldberg v Goldberg, 98 AD3d 944 [2012]; Macagnone v Macagnone, 7 AD3d 680 [2004]).
The plaintiff further argues that the Supreme Court erred in awarding the defendant $12,500 in interim counsel fees in light of the other awards it made to her. “An award of counsel fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case” (Prichep v Prichep, 52 AD3d 61, 64 [2008] [internal quotation marks omitted]). “[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties’ positions” (DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]). The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (see Ciampa v Ciampa, 47 AD3d 745 [2008]). However, when a party to a divorce action requests an interim award of counsel fees, as opposed to a final award, no such detailed inquiry is required (see Prichep v Prichep, 52 AD3d at 65). Here, the record clearly establishes that the defendant is the nonmonied spouse, and it was not an improvident exercise of discretion for the Supreme Court to award the defendant $12,500 in interim counsel fees (see Ciampa v Ciampa, 47 AD3d at 748).
Finally, the plaintiff argues that the Supreme Court erred in awarding the defendant $3,500 in expert fees. The award of expert witness fees in a matrimonial action is left to the sound discretion of the trial court, and should be made upon a detailed showing of the services to be rendered and the estimated time involved (see Avello v Avello, 72 AD3d 850 [2010]). Here, the defendant submitted an affidavit from the forensic accountant she retained which explained the services to be rendered and the estimated cost involved for his time. The defendant also provided a copy of the accountant’s curriculum vitae which demonstrated his experience in the field. Thus, the Supreme Court had a sufficient basis to award expert fees to the defendant in the sum of $3,500. Dillon, J.E, Hall, Austin and Duffy, JJ., concur.