■ MALKA YERUSHALMI, Respondent, v JOSEPH YERUSHALMI, Appellant. SCHLISSEL OSTROW KARABATOS, PLLC, Nonparty Respondent. [26 NYS3d 111]—

Appeals from (1) an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated September 30, 2013, (2) a money judgment of that court dated October 15, 2013, (3) a money judgment of that court dated November 15, 2013, and (4) an order of that court dated May 8, 2014. The order dated September 30, 2013, insofar as appealed from, denied the defendant's motion to terminate his temporary maintenance obligation, and granted the plaintiff's respective cross motions for an award of attorneys' fees and an award of additional attorneys' fees. The money judgment dated October 15, 2013, upon the order dated September 30, 2013, is in favor of nonparty Schlissel Ostrow Karabatos, PLLC, and against the defendant in the principal sum of $125,000. The money judgment dated November 15, 2013, upon the order dated September 30, 2013, is in favor of nonparty Schlissel Ostrow Karabatos, PLLC, and against the defendant in the principal sum of $20,969.63. The order dated May 8, 2014, denied the defendant's motion, in effect, for leave to reargue his opposition to the plaintiff's cross motions for an award of attorneys' fees and for an award of additional attorneys' fees.

Motion by the plaintiff to dismiss the appeal from the order dated May 8, 2014, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated September 23, 2014, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is granted, and the appeal from the order dated May 8, 2014, is dismissed; and it is further,

Ordered that the appeal from so much of the order dated September 30, 2013, as granted the plaintiff's cross motions for an award of attorneys' fees and for an award of additional attorneys' fees is dismissed; and it is further,

Ordered that the order dated September 30, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that the money judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The motion to dismiss the appeal from the order dated May 8, 2014, must be granted. The defendant's underlying motion,

although denominated as one for leave to renew and reargue, was, in actuality, for leave to reargue his opposition to the plaintiff's cross motions for an award of attorneys' fees and for an award of additional attorneys' fees, the denial of which is not appealable (*see Gelobter v Fox*, 90 AD3d 829, 830 [2011]; *Coccia v Liotti*, 70 AD3d 747 [2010]).

The appeal from so much of the order dated September 30, 2013, as granted the plaintiff's cross motions for an award of attorneys' fees and an award of additional attorneys' fees must be dismissed, as those portions of that order were superseded by the money judgment dated October 15, 2013, and the money judgment dated November 15, 2013 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from those portions of the order dated September 30, 2013, are brought up for review and have been considered on the appeals from the money judgments (*see* CPLR 5501 [a] [1]; *Delijani v Delijani*, 100 AD3d 951, 952 [2012]).

In this action for a divorce and ancillary relief, the plaintiff was awarded certain pendente lite relief, and the defendant sought, among other things, to modify that award. "Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires. Consequently, any perceived inequities in pendente lite maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Dowd v Dowd*, 74 AD3d 1013, 1014 [2010] [internal quotation marks and citations omitted]; *see Trajkovic v Trajkovic*, 98 AD3d 575, 575-576 [2012]; *Truglia v Truglia*, 91 AD3d 852 [2012]). Here, the defendant failed to establish that he did not have sufficient resources to pay temporary maintenance to the plaintiff and the carrying charges for the marital residence. Therefore, the Supreme Court properly denied the defendant's motion to terminate his temporary maintenance obligation.

The plaintiff cross moved for an award of attorneys' fees in the principal sum of $125,000, and subsequently cross-moved for an award of additional attorneys' fees in the principal sum of $20,969.63. The Supreme Court providently exercised its discretion in granting the plaintiff's cross motions in light of the defendant's conduct, which included his making of repetitive motions to terminate his pendente lite obligations, and the parties' financial circumstances (*see* Domestic Relations Law § 237 [a]; *Johnson v Chapin*, 12 NY3d 461, 467 [2009]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Lugo v Tor-*

*res*, 132 AD3d 824 [2015]; *Vistocco v Jardine*, 116 AD3d 842, 844 [2014]; *Prichep v Prichep*, 52 AD3d 61, 65 [2008]). Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.