■ SIAN MALIAH-DUPASS, Respondent, v JAHIZ DUPASS, Appellant. [33 NYS3d 391]—

Appeal from stated portions of an order of the Supreme Court, Queens County (Anna Culley, J.), dated March 17, 2014. The order, inter alia, denied that branch of the defendant's motion which was for pendente lite child support and granted that branch of the plaintiff's cross motion which was for pendente lite relief to the extent of directing the defendant to pay pendente lite child support in the sum of $2,044.50 per month, pendente lite maintenance in the sum of $1,750 per month, and interim counsel fees in the sum of $7,500.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 2002 and have three children. In 2012, the plaintiff commenced this action for a divorce and ancillary relief. The defendant appeals from stated portions of an order of the Supreme Court which, among other things, denied that branch of his motion which was for pendente lite child support and granted that branch of the plaintiff's cross motion which was for pendente lite relief to the extent of directing him to pay pendente lite child support in the sum of $2,044.50 per month, pendente lite maintenance in the sum of $1,750 per month, and interim counsel fees in the sum of $7,500.

" 'Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires. Consequently, any perceived inequities in pendente lite maintenance [and child support] can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored' " (*Yerushalmi v Yerushalmi*, 136 AD3d 809, 811 [2016], quoting *Dowd v Dowd*, 74 AD3d 1013, 1014 [2010]; *see Hof v Hof*, 131 AD3d 579, 581 [2015]). Here, the defendant failed to establish that he did not have sufficient resources to pay pendente lite maintenance and child support, or that there are any other exigent circumstances warranting a modification of the pendente lite awards made by the Supreme Court.

The Supreme Court providently exercised its discretion in awarding interim counsel fees in the sum of $7,500 to the plaintiff, who was the less-monied spouse (*see Shakil v Rehman*, 134 AD3d 1093, 1094 [2015]; *Kaufman v Kaufman*, 131 AD3d 939, 945 [2015]; *Dunleavy v Dunleavy*, 125 AD3d 832, 833 [2015]).

The defendant's remaining contention is without merit. Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.