Teelucksingh v Teelucksingh (2018 NY Slip Op 04769)





Teelucksingh v Teelucksingh


2018 NY Slip Op 04769


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2015-10592
2015-10594
 (Index No. 5181/14)

[*1]Jessica Teelucksingh, respondent, 
v
Peter Teelucksingh, appellant.


Peter Teelucksingh, Brooklyn, NY, appellant pro se.
Long Tuminello, LLP, Bay Shore, NY (Kevin J. Werner of counsel), for respondent.
Margaret Schaefler, Babylon, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of two orders of the Supreme Court, Suffolk County (James F. Quinn, J.), dated September 8, 2015, and September 10, 2015, respectively. The order dated September 8, 2015, inter alia, upon renewal and reargument, adhered to a prior determination of the same court dated November 14, 2014, denying those branches of the defendant's prior motion which were for temporary custody of the parties' child, temporary maintenance, and temporary child support, and granting those branches of the plaintiff's prior cross motion which were for temporary custody of the child, exclusive use and occupancy of the marital residence, and to direct the defendant to pay his pro rata share of the day care costs for the child. The order dated September 10, 2015, insofar as appealed from, denied those branches of the defendant's motion which were to hold the plaintiff in civil contempt for failure to comply with prior orders of the same court pertaining to custody and parental access and directing the plaintiff to maintain the defendant's automobile insurance.
ORDERED that the appeal from so much of the order dated September 8, 2015, as, upon renewal and reargument, adhered to the determination in the order dated November 14, 2014, denying that branch of the defendant's motion which was for temporary custody of the parties' child and granting that branch of the plaintiff's motion which was for temporary custody of the parties' child is dismissed; and it is further,
ORDERED that the order dated September 8, 2015, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated September 10, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Subsequent to the entry of the orders appealed from, the parties entered into a written stipulation on or about September 18, 2017, so-ordered by the Supreme Court, which awarded sole custody of the parties' child to the plaintiff and parental access to the defendant. Accordingly, the appeal from so much of the order dated September 8, 2015, as, upon renewal and reargument, adhered to the determination in the order dated November 14, 2014, denying that branch of the defendant's motion which was for temporary custody of the parties' child and granting that branch of the plaintiff's motion which was for temporary custody of the parties' child, must be dismissed as academic (see Matter of Byrnes v Malloy, 283 AD2d 427, 428).
In this action for a divorce and ancillary relief, the defendant moved, inter alia, for pendente lite relief, including temporary custody of the child, temporary maintenance, temporary child support, and interim counsel fees. The plaintiff cross-moved, among other things, for temporary custody of the child, exclusive use and occupancy of the marital residence, and to direct the defendant to pay his pro rata share of the day care costs for the child. In an order dated November 14, 2014, the Supreme Court, inter alia, denied those branches of the defendant's motion which were for temporary custody of the child, temporary maintenance, and temporary child support, and referred that branch of the defendant's motion which was for interim counsel fees to the trial court for a determination. The court also granted those branches of the plaintiff's cross motion which were for temporary custody of the child, exclusive use and occupancy of the marital residence, and to direct the defendant to pay his pro rata share of the day care costs for the child.
Thereafter, the defendant moved for leave to renew and reargue those branches of his motion which were for temporary maintenance, temporary custody of the child, temporary child support, and interim counsel fees, and, in effect, his opposition to those branches of the plaintiff's cross motion which were for temporary custody of the child, exclusive use and occupancy of the marital residence, and to direct the defendant to pay his pro rata share of the day care costs for the child. In an order dated September 8, 2015, the Supreme Court granted that branch of the defendant's motion which was for leave to renew and reargue, and upon renewal and reargument, adhered to its determination in the order dated November 14, 2014. The defendant also moved, inter alia, to hold the plaintiff in civil contempt for failure to comply with prior orders of the same court pertaining to custody and parental access and directing the plaintiff to maintain the defendant's automobile insurance. In an order dated September 10, 2015, the Supreme Court, inter alia, denied those branches of the defendant's motion. The defendant appeals from stated portions of the orders dated September 8, 2015, and September 10, 2015, respectively.
"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires. Consequently, any perceived inequities in pendente lite maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (Yerushalmi v Yerushalmi, 136 AD3d 809, 811 [internal [*2]quotation marks omitted]; see Maliah-Dupass v Dupass, 140 AD3d 832, 833; Dowd v Dowd, 74 AD3d 1013, 1014). Here, the defendant failed to establish the existence of any exigent circumstances warranting a modification of the pendente lite maintenance award.
Furthermore, under the circumstances of this case, the Supreme Court providently exercised its discretion in referring that branch of the defendant's motion which was for interim counsel fees to the trial court for a determination (see Domestic Relations Law § 237; cf. Tatum v Simmons, 133 AD3d 550, 551). 
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his motion which was to hold the plaintiff in civil contempt. The defendant failed to establish that the plaintiff violated a clear and unequivocal mandate of the court, thereby prejudicing the defendant's rights (see Wheels Am. N.Y., Ltd. v Montalvo, 50 AD3d 1130; Giano v Ioannou, 41 AD3d 427).
The parties' remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court