Yerushalmi v Schoenfeld (2018 NY Slip Op 05623)





Yerushalmi v Schoenfeld


2018 NY Slip Op 05623


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2015-10979
2015-10980
 (Index No. 1610/14)

[*1]Joseph Yerushalmi, appellant, 
v
Lisa R. Schoenfeld, etc., et al., respondents.


Joseph Yerushalmi, Great Neck, NY, appellant pro se.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Marian C. Rice of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of Judiciary Law § 487, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered September 16, 2015, and (2) a judgment of the same court entered September 25, 2015. The order, insofar as appealed from, granted those branches of the defendants' motion pursuant to CPLR 3211(a) which were to dismiss the first through fourth causes of action in the complaint. The judgment, insofar as appealed from, upon the order, dismissed the first through fourth causes of action in the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Delijani v Delijani, 100 AD3d 951, 952).
In 2002, Malka Yerushalmi (hereinafter Malka) commenced an action for a divorce and ancillary relief against the plaintiff herein. The defendants herein represented Malka in the divorce action from 2011 to 2013. In 2004, the Supreme Court granted Malka's motion for pendente lite relief. Over a period of nine years, the plaintiff made six different motions seeking to modify the pendente lite order. The Supreme Court repeatedly denied his motions, and, in 2012 and 2013, it awarded attorneys' fees to the defendants. Two of the orders denying modification were appealed to this Court, and this Court affirmed (see Yerushalmi v Yerushalmi, 136 AD3d 809; Yerushalmi v Yerushalmi, 82 AD3d 1217). In both cases, this Court determined that no grounds for modification existed. In Yerushalmi v Yerushalmi (136 AD3d 809), this Court also affirmed the award of attorneys' fees to the defendants.
In 2014, the plaintiff commenced this action, alleging that Malka had lied on her 2011 statement of net worth by stating that the value of her interest in certain family assets was unknown, and that, by certifying the statement of net worth, the defendants had violated Judiciary Law § 487. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the motion. The plaintiff appeals from so much of the order as directed dismissal of the first through fourth causes of action, and from so much of a judgment entered upon the order as dismissed those causes of action.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first through fourth causes of action, which alleged violations of Judiciary Law § 487. Even as amplified by the plaintiff's affidavit and supporting evidence, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83), the complaint failed to allege that the defendants acted "with intent to deceive the court or any party" (Judiciary Law § 487[1]; see Fleyshman v Suckle & Schlesinger, PLLC, 91 AD3d 591, 592-593; Jaroslawicz v Cohen, 12 AD3d 160, 160-161).
Accordingly, we agree with the Supreme Court's determination to dismiss the first through fourth causes of action in the complaint.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court