Evelyn v Evelyn (2019 NY Slip Op 00421)





Evelyn v Evelyn


2019 NY Slip Op 00421


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-03898
 (Index No. 724/17)

[*1]Gerald Arthur Evelyn, appellant, 
v
Yvonne Henry Evelyn, respondent.


The Law Firm of Gary N. Weintraub, LLP, Huntington, NY, for appellant.
Simonetti & Associates, Woodbury, NY (Charlotte M. Betts of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cheryl A. Joseph, J.), dated February 15, 2018. The order, insofar as appealed from, granted those branches of the defendant's motion which were for an award of pendente lite child support and maintenance, and an award of interim counsel fees, and awarded the defendant interim counsel fees in the sum of $25,000.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for an award of interim counsel fees and awarding the defendant interim counsel fees in the sum of $25,000, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.
The plaintiff and the defendant were married in September 2003 and have four children, born in 2004, 2006, 2010, and 2017. In February 2017, the plaintiff commenced this action for a divorce and ancillary relief. The defendant moved, inter alia, for an award of pendente lite child support and maintenance, and an award of interim counsel fees. The Supreme Court granted those branches of the motion and awarded the defendant pendente lite child support and maintenance, and interim counsel fees in the sum of $25,000. The plaintiff appeals.
"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (Yerushalmi v Yerushalmi, 136 AD3d 809, 811 [internal quotation marks omitted]; see Swickle v Swickle, 47 AD3d 704). "Consequently, any perceived inequities in pendente lite maintenance [and child support] can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (Maliah-Dupass v Dupass, 140 AD3d 832, 833; see Noy v Noy, 160 AD3d 885, 886). Here, the plaintiff failed to establish the existence of any exigent circumstances warranting a modification of the Supreme Court's pendente lite maintenance and child support awards.
However, we disagree with the Supreme Court's determination to grant that branch of the defendant's motion which was for an award of interim counsel fees. The defendant's motion [*2]was not supported with the necessary documentation (see 22 NYCRR 202.16[k][3]). Accordingly, the court should have denied that branch of the defendant's motion which was for an award of interim counsel fees (see Osman v Osman, 142 AD3d 978, 980; Vitale v Vitale, 112 AD3d 614, 615).
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court