Capozzoli v Capozzoli (2020 NY Slip Op 05715)





Capozzoli v Capozzoli


2020 NY Slip Op 05715


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-14748
 (Index No. 2904/18)

[*1]Valerie Capozzoli, respondent,
v
Michael Capozzoli, appellant.


Law Offices of Michael J. Alber, P.C., Commack, NY (Marc H. Stein of counsel), for appellant.
The Meyers Law Group, P.C., Huntington, NY (Natasha Meyers of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Andrew A. Crecca, J.), dated October 29, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for an award of pendente lite child support and maintenance to the extent of directing the defendant to pay pendente lite maintenance in the sum of $6,940 per month, pendente lite child support in the sum of $6,753 per month, and real estate taxes, homeowner's insurance, and homeowner's association fees on the marital residence.
ORDERED that the order is modified, on the law, without costs or disbursements, by deleting the provision thereof granting that branch of the motion which was for an award of pendente lite maintenance to the extent of directing the defendant to pay pendente lite maintenance in the sum of $6,940 per month, and real estate taxes, homeowner's insurance, and homeowner's association fees on the marital residence; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for a new determination of that branch of the plaintiff's motion which was for an award of pendente lite maintenance.
The parties were married in 2000 and have one child. In 2018, the plaintiff commenced this action for a divorce and ancillary relief. The defendant appeals from so much of an order of the Supreme Court which granted those branches of the plaintiff's motion which were for an award of pendente lite child support and maintenance to the extent of directing the defendant to pay pendente lite maintenance in the sum of $6,940 per month, pendente lite child support in the sum of $6,753 per month, and real estate taxes, homeowner's insurance, and homeowner's association fees on the marital residence.
"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (Yerushalmi v Yerushalmi, 136 AD3d 809, 811 [internal quotation marks omitted]; see Maliah-Dupass v Dupass, 140 AD3d 832, 833). "Consequently, any perceived inequities in pendente lite maintenance and child support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" [*2](Maliah-Dupass v Dupass, 140 AD3d at 833 [internal quotation marks omitted]; see Swickle v Swickle, 47 AD3d 704, 705).
"The formula to determine temporary spousal maintenance that is outlined in Domestic Relations Law § 236(B)(5-a)(c) is intended to cover all of a payee spouse's basic living expenses, including housing costs, the costs of food and clothing, and other usual expenses" (Vistocco v Jardine, 116 AD3d 842, 843; see Su v Su, 128 AD3d 949, 950; Khaira v Khaira, 93 AD3d 194, 200). Here, the Supreme Court's directive that the defendant pay pendente lite maintenance in the sum of $6,940 per month plus real estate taxes, homeowner's insurance, and homeowner's association fees on the marital residence resulted in a double shelter allowance, since the formula used to calculate the presumptive temporary maintenance award is intended to cover all of the plaintiff's basic living expenses, including housing costs (see Domestic Relations Law § 236[B][5-a][c]; Khaira v Khaira, 93 AD3d at 200). It was error to deviate in this manner from the guideline amount of temporary maintenance without making a finding that such amount was unjust or inappropriate based upon the factors enumerated in Domestic Relations Law § 236(B)(5-a)(h) (see Calderon v Esenova, 132 AD3d 711, 712; see also Vistocco v Jardine, 116 AD3d at 843).
The defendant's remaining contentions are without merit.
Based upon the foregoing, we remit the matter to the Supreme Court, Kings County, for a new determination of that branch of the plaintiff's motion which was for an award of pendente lite maintenance.
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court