Rifkin v Ilecki (2020 NY Slip Op 06927)





Rifkin v Ilecki


2020 NY Slip Op 06927


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1092 CA 20-00595

[*1]HILLARY RIFKIN, PLAINTIFF-RESPONDENT,
v
WILLIAM ILECKI, DEFENDANT-APPELLANT. 






JENNIFER M. LORENZ, ORCHARD PARK, FOR DEFENDANT-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM, LLC, WILLIAMSVILLE (MICHAEL J. COLLETTA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered November 27, 2019. The order, inter alia, directed defendant to pay monthly child support of $4,970 and awarded plaintiff interim counsel fees of $5,500. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action for divorce and ancillary relief, defendant appeals from an order that, inter alia, directed him to pay temporary monthly child support of $4,970 and awarded plaintiff interim counsel fees of $5,500. We affirm.
"The Child Support Standards Act [CSSA] provides the formulas to be applied to the parties' income and the factors to be considered in determining a final award of child support (see Domestic Relations Law § 240 [1-b]). Courts considering applications for pendente lite child support may, in their discretion, apply the CSSA standards and guidelines, but they are not required to do so" (Davydova v Sasonov, 109 AD3d 955, 957 [2d Dept 2013] [internal quotation marks omitted]). Thus, contrary to defendant's contention, Supreme Court was "not required to calculate [defendant's pendente lite] child support obligation pursuant to the CSSA" (Vistocco v Jardine, 116 AD3d 842, 843 [2d Dept 2014]; see § 236 [B] [7] [a]; Hof v Hof, 131 AD3d 579, 581 [2d Dept 2015]). With respect to defendant's contention that the court erred in its calculations, imputation of income, and application of the statutory factors, it is well settled that "[t]he remedy for any claimed inequity in [an] award[] of temporary . . . child support . . . is a speedy trial where the respective finances of the parties can be ascertained and a permanent award based on the evidence may be made" (Tabor v Tabor, 39 AD2d 640, 640 [4th Dept 1972] [internal quotation marks omitted]; see Baxter v Baxter, 162 AD3d 1743, 1743-1744 [4th Dept 2018]).
Finally, contrary to defendant's further contention, the court did not abuse its discretion in awarding plaintiff interim counsel fees (see Domestic Relations Law § 237; Johnson v Chapin, 12 NY3d 461, 467 [2009], rearg denied 13 NY3d 888 [2009]; Vistocco, 116 AD3d at 844).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court