Barra v Barra (2021 NY Slip Op 01022)





Barra v Barra


2021 NY Slip Op 01022


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-02957
 (Index No. 177/19)

[*1]Carla Barra, respondent, 
v
Joseph Barra, appellant.


Tabat, Cohen, Blum, Yovino & Diesa, P.C., Garden City, NY (Michael R. Gionesi of counsel), for appellant.
McGuire Condon, P.C., Huntington, NY (Brittany C. Mangan and Karen D. McGuire of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Deborah Poulos, J.), dated December 12, 2019. The order, insofar as appealed from, (1) granted that branch of the plaintiff's motion which was for an award of pendente lite child support and directed the defendant to pay pendente lite child support in the sum of $2,031.09 per month, and (2) granted that branch of the plaintiff's motion which was for an award of carrying costs on the martial residence and directed the defendant to pay the sum of $1,575.83 per month, representing his 50% share of the mortgage, real estate taxes, and homeowner's insurance on the marital residence.
ORDERED that order is affirmed insofar as appealed from, with costs.
The parties were married in 2006 and have one child together. In 2019, the plaintiff commenced this action for a divorce and ancillary relief and moved for pendente lite relief. The Supreme Court awarded the plaintiff the sum of $2,031.19 per month for pendente lite child support and directed the defendant to pay 50% of the mortgage, real estate taxes, and homeowner's insurance on the marital residence, where the plaintiff and the child reside.
The defendant contends that the Supreme Court erred in calculating his pendente lite child support obligation by considering the parties' combined income above the then-statutory cap of $148,000. "Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances" (Otto v Otto, 13 AD3d 503, 503; Albanese v Albanese, 234 AD2d 489, 490). The defendant has failed to establish exigent circumstances so as to justify a downward modification of the pendente lite award of child support.
In any event, the Supreme Court was not required to calculate the defendant's child support obligation pursuant to the Child Support Standards Act (hereinafter CSSA) (see George v George, 192 AD2d 693; see also Domestic Relations Law § 236[B][7]). The CSSA "provides the formulas to be applied to the parties' income and the factors to be considered in determining a final award of child support. Courts considering applications for pendente lite child support may, in their discretion, apply the CSSA standards and guidelines, but they are not required to do so" (Davydova v Sasonov, 109 AD3d 955, 957 [emphasis, citation, and internal quotation marks omitted]). Any perceived inequity in the award of pendente lite child support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (see Swickle v Swickle, 47 AD3d [*2]704).
The defendant also contends that the Supreme Court erred in directing him to pay the sum of $1,575.83 per month, representing his 50% responsibility for the mortgage, real estate taxes, and insurance on the marital residence, contending that such payment should have been reduced by the sum the court directed him to pay for pendente lite child support. The burden of repaying marital debt should be equally shared by the parties, in the absence of countervailing factors, and any such liability should be distributed in accordance with general equitable distribution principles and factors (see Westreich v Westreich, 169 AD3d 972; Minervini v Minervini, 152 AD3d 666; Gillman v Gillman, 139 AD3d 667). It is generally the responsibility of both parties to maintain the marital property and keep it in good repair during the pendency of a matrimonial action (see Brinkmann v Brinkmann, 152 AD3d 637; Goldman v Goldman, 131 AD3d 1107; Hymowitz v Hymowitz, 119 AD3d 736). Insofar as the court specifically indicated that it sought to preserve the marital asset in directing the defendant to pay his 50% share of the mortgage, real estate taxes, and homeowner's insurance, we perceive no improvident exercise of its discretion.
The defendant further contends that the Supreme Court erred in directing him to make the pendente lite child support payment to the Child Support Collection Unit, while making the payment of his 50% share of the mortgage, real estate taxes, and homeowner's insurance on the marital home to the plaintiff. The plaintiff had requested that the defendant's 50% share of the mortgage, real estate taxes, and homeowner's insurance be made directly to her. Thus, the court did not improvidently exercise its discretion in granting that application (see Caro v Marsh USA, Inc., 101 AD3d 1068; Nehmadi v Davis, 95 AD3d 1181; Clair v Fitzgerald, 63 AD3d 979; Frankel v Stavsky, 40 AD3d 918). Furthermore, the court did not improvidently exercise its discretion in directing the defendant to make the pendente lite child support payment to the Child Support Collection Unit insofar as this method was "'not too dramatically unlike the relief sought'" (Clair v Fitzgerald, 63 AD3d at 980, quoting Frankel v Stavsky, 40 AD3d at 919).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court