Safir v Safir (2022 NY Slip Op 03917)

Safir v Safir

2022 NY Slip Op 03917

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2021-02616
 (Index No. 800779/20)

[*1]Michelle Safir, respondent,
v
Julian Safir, appellant.

Saltzman Chetkof & Rosenberg LLP, Garden City, NY (Lee Rosenberg and Neelam B. Bhagrath of counsel), for appellant.
Gassman Baiamonte Gruner, P.C., Garden City, NY (Stephen Gassman and Dari L. Last of counsel), for respondent.
Lisa Daniels, Lynbrook, NY, attorney for the children (no brief filed).

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Joseph H. Lorintz, J.), entered March 16, 2021. The order, insofar as appealed from, (1) granted that branch of the plaintiff's motion which was for an award of pendente lite child support to the extent of directing the defendant to pay pendente lite child support in the sum of $6,000 per month, (2) granted that branch of the plaintiff's motion which was to direct the defendant to continue to pay, pendente lite, the carrying charges on the marital residence, including the costs of the real estate taxes, homeowner's insurance, homeowner's association dues, and repairs for that property, and denied that branch of the defendant's cross motion which was to direct the plaintiff to equally share these costs, (3) granted that branch of the plaintiff's motion which was to direct the defendant to continue to pay, pendente lite, the cost of employing two housekeepers to the extent of directing the defendant to pay for 74% of the cost of employing the housekeepers, and denied that branch of the defendant's cross motion which was to direct the plaintiff to equally share these costs, (4) granted that branch of the plaintiff's motion which was to direct the defendant to continue to pay, pendente lite, the carrying charges and maintenance costs on the parties' property located in Florida, and denied that branch of the defendant's cross motion which was to direct the plaintiff to equally share these costs, (5) granted that branch of the plaintiff's motion which was to direct the defendant to continue to pay, pendente lite, the costs for summer camp, education, tutoring, extracurricular activities, and tennis lessons for the parties' children to the extent of directing the defendant to pay for 74% of these costs, and (6) granted that branch of the plaintiff's motion which was for an award of interim counsel fees to the extent of directing the defendant to pay interim counsel fees for the plaintiff in the sum of $30,000.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in August 2003 and have four children together. The plaintiff commenced a prior action for a divorce and ancillary relief, but that action was discontinued. In connection with the prior divorce action, the parties entered into a postnuptial [*2]agreement dated December 21, 2016.
In or about July 2020, the plaintiff commenced this action for a divorce and ancillary relief. The plaintiff moved for an award of pendente lite relief, including, among other things, sole physical custody of the parties' children, child support in the sum of $10,000 per month, to direct the defendant to pay (1) the costs and carrying charges associated with the marital residence and with a property owned by the parties in Florida (hereinafter the Florida property), (2) the cost of employing two housekeepers, (3) the cost of extracurricular activities for the parties' children, including tennis lessons, as well as the cost of summer camp, tutoring, and educational expenses for the children, and an award of interim counsel fees in the sum of $50,000. The defendant cross-moved for pendente lite relief, including, among other things, sole physical custody of the children and to direct the plaintiff to pay an equal share of all household expenses.
In an order entered March 16, 2021, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and the defendant's cross motion which sought temporary custody of the children. However, for the purpose of pendente lite child support, the court determined that the plaintiff was the "de facto" custodial parent of the children because, inter alia, the children were residing with the plaintiff in the marital residence at the time, while the defendant was residing elsewhere. Thus, the court concluded that the defendant was obligated to pay pendente lite child support to the plaintiff, and awarded the plaintiff the sum of $6,000 per month for pendente lite child support. Based upon the parties' lifestyle during the marriage, the cost of maintaining the marital residence, the plaintiff's absence from the work force, and the defendant's payment of all marital expenses during the marriage, the court directed the defendant to maintain the status quo by continuing to pay, pendente lite, 100% of the carrying charges for the marital residence, including the costs of the real estate taxes, homeowner's insurance, homeowner's association dues, and repairs associated with that property; 100% of the carrying charges, maintenance costs, and other expenses attributable to the Florida property; and 74% of the cost of employing two housekeepers. In doing so, the court, in effect, imputed income to the defendant, finding that he had voluntarily reduced his income by moving to a part-time employment schedule shortly before the commencement of the instant action, and utilized the plaintiff's base salary as her annual gross income. The court also directed the parties to pay, pendente lite, their pro rata share of the costs of the summer camp, education, tutoring, and extracurricular activities for the children, and directed the parties to pay their pro rata share of the cost of tennis lessons for the children, if the parties agreed to continue such lessons. If the parties could not agree on whether to continue tennis lessons for the children, or the form thereof, the court directed that "either party may choose to pay 100% of the cost of the type of tennis lesson they prefer." The court further determined that the defendant was "undoubtedly the monied spouse," given that his "reduced, part-time income is more than twice the Plaintiff's current salary," and that he had "access to substantial amounts of separate assets." As a result, the court granted that branch of the plaintiff's motion which was for an award of interim counsel fees to the extent of directing the defendant to pay interim counsel fees for the plaintiff in the sum of $30,000. The defendant appeals from stated portions of the order.
"Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (Yerushalmi v Yerushalmi, 136 AD3d 809, 811 [internal quotation marks omitted]; see Barra v Barra, 191 AD3d 831; Maliah-Dupass v Dupass, 140 AD3d 832, 833). "Consequently, any perceived inequities in pendente lite maintenance [and child support] can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (Maliah-Dupass v Dupass, 140 AD3d at 833 [internal quotation marks omitted]; see Swickle v Swickle, 47 AD3d 704, 705).
Here, the Supreme Court did not improvidently exercise its discretion in directing the defendant to pay, pendente lite, child support in the sum of $6,000 per month, 100% of the carrying charges for the marital residence, including the costs of the real estate taxes, homeowner's insurance, homeowner's association dues, and repairs for that property, 100% of the carrying charges, maintenance costs, and other expenses attributable to the Florida property, and 74% of the cost of employing two housekeepers. Contrary to the defendant's contention, the court providently, in [*3]effect, imputed income to him and determined the plaintiff's income, at that point in time, based solely upon her base salary (see Matter of Bustamante v Donawa, 119 AD3d 559, 560; Irene v Irene, 41 AD3d 1179, 1180; Bittner v Bittner, 296 AD2d 516, 517; Goddard v Goddard, 256 AD2d 545, 546). The defendant failed to establish the existence of any exigent circumstances warranting a modification of these awards, and any perceived inequity can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (see Evelyn v Evelyn, 168 AD3d 911, 912-913; Noy v Noy, 160 AD3d 885, 886-887; Caputo v Caputo, 152 AD3d 643, 645). For the same reason, the court properly denied that branch of the defendant's cross motion which was to direct the plaintiff to pay an equal share of the housing expenses.
The defendant's remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court