Davidoff v Davidoff (2022 NY Slip Op 05836)

Davidoff v Davidoff

2022 NY Slip Op 05836

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-00406
 (Index No. 61571/18)

[*1]Stefanie Davidoff, respondent,
v
Jonathan Davidoff, appellant.

Davidoff Law Firm, PLLC, New York, NY (Jonathan Marc Davidoff, sued herein as Jonathan Davidoff, pro se and Danielle Shayne Shapero of counsel), for appellant.
Dimopoulos Bruggemann, P.C., Tuckahoe, NY (Gus Dimopoulos and Atty K. Bruggemann of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated January 4, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for an award of pendente lite child support to the extent of directing the defendant to pay pendente lite child support in the sum of $5,059 per month, retroactive pendente lite child support in the sum of $40,472 at a rate of $1,700 per month, and 100% of the children's add-on expenses.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 2008 and have two children. In July 2018, the plaintiff commenced this action for a divorce and ancillary relief. In an order dated January 4, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for an award of pendente lite child support to the extent of directing the defendant to pay pendente lite child support in the sum of $5,059 per month, retroactive pendente lite child support in the sum of $40,472 at a rate of $1,700 per month, and 100% of the children's add-on expenses. The defendant appeals.
Contrary to the defendant's contention, modification of the pendente lite child support award is not warranted. "Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires" (Barone v Barone, 41 AD3d 623, 623-624; see Capozzoli v Capozzoli, 187 AD3d 834, 835; Yerushalmi v Yerushalmi, 136 AD3d 809, 811). "Any perceived inequity in the award of pendente lite child support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (Hof v Hof, 131 AD3d 579, 581; see Maliah-Dupass v Dupass, 140 AD3d 832, 833). Here, the defendant failed to demonstrate the existence of any exigent circumstances warranting a modification of the pendente lite child support award made by the Supreme Court.
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court