Gonzalez-Furtado v Furtado (2023 NY Slip Op 06125)

Gonzalez-Furtado v Furtado

2023 NY Slip Op 06125

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-06674
2022-08340
2022-10565
 (Index No. 55761/21)

[*1]Lisanna Gonzalez-Furtado, respondent,
v
Rogerio Furtado, appellant.

Maria Schwartz, P.C., Garden City, NY, for appellant.
Kuharski Levitz & Giovinazzo, Staten Island, NY (Lisa E. Giovinazzo of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Richmond County (Ronald Castorina, Jr., J.), dated May 13, 2022, (2) an order of the same court dated September 26, 2022, and (3) an order of the same court dated December 21, 2022. The order dated May 13, 2022, insofar as appealed from, granted those branches of the plaintiff's motion which were for an award of pendente lite child support and maintenance to the extent of directing the defendant to pay pendente lite child support in the sum of $4,953.62 per month and pendente lite maintenance in the sum of $1,857.36 per month. The order dated September 26, 2022, insofar as appealed from, denied that branch of the defendant's motion which was for pendente lite relief directing the plaintiff to pay the monthly mortgage for the marital residence. The order dated December 21, 2022, insofar as appealed from, granted those branches of the plaintiff's motion which were for pendente lite relief to the extent of directing that the defendant pay 75% of child care expenses and interim counsel fees in the sum of $5,000.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
The parties were married in 2006 and have two children. In 2021, the plaintiff commenced this action for a divorce and ancillary relief. In February 2022, the plaintiff moved, inter alia, for pendente lite child support and maintenance. In an order dated May 13, 2022, the Supreme Court, among other things, awarded the plaintiff the sum of $4,953.62 per month for pendente lite child support and the sum of $1,857.36 per month for pendente lite maintenance. In August 2022, the defendant moved, inter alia, for pendente lite relief directing the plaintiff to pay the monthly mortgage for the marital residence. In an order dated September 26, 2022, the court, among other things, denied that branch of the defendant's motion. In October 2022, the plaintiff moved, inter alia, for pendente lite relief directing the defendant to pay child care expenses for a full-time nanny, and for interim counsel fees in the sum of $5,000. In an order dated December 21, 2022, the court, inter alia, directed the defendant to pay 75% of child care expenses and awarded the plaintiff interim counsel fees in the sum of $5,000. The defendant appeals.
Contrary to the defendant's contention, neither the order dated May 13, 2022, nor the order dated September 26, 2022, resulted in an impermissible double shelter allowance insofar as neither order directed the defendant to pay the mortgage for the marital residence in addition to pendente lite child support and maintenance (cf. Levin v Levin, 205 AD3d 452, 452-453; Capozzoli v Capozzoli, 187 AD3d 834, 835; Woodford v Woodford, 100 AD3d 875, 877).
The Supreme Court did not err in calculating the defendant's pendente lite child support obligation by considering the parties' combined income in excess of the statutory cap. "Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances" (Otto v Otto, 13 AD3d 503, 503). The defendant has failed to establish exigent circumstances so as to justify a downward modification of the award of pendente lite child support (see Safir v Safir, 206 AD3d 842, 845; Evelyn v Evelyn, 168 AD3d 911, 912).
In any event, the Supreme Court was not required to calculate the defendant's child support obligation pursuant to the Child Support Standards Act (hereinafter CSSA) (see George v George, 192 AD2d 693, 693; see also Domestic Relations Law § 236[B][7]). The CSSA "provides the formulas to be applied to the parties' income and the factors to be considered in determining a final award of child support. Courts considering applications for pendente lite child support may, in their discretion, apply the CSSA standards and guidelines, but they are not required to do so" (Davydova v Sasonov, 109 AD3d 955, 957 [emphasis, citation, and internal quotation marks omitted]; see Barra v Barra, 191 AD3d 831, 832). Any perceived inequity in the award of pendente lite child support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (see Safir v Safir, 206 AD3d at 844; Swickle v Swickle, 47 AD3d 704).
Additionally, the Supreme Court providently exercised its discretion in directing the defendant to pay 75% of child care expenses. Family Court Act § 413(1)(c)(4) and Domestic Relations Law § 240(1-b)(c)(4) provide that, where a custodial parent is working and incurs child care expenses, "the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income." Thus, the court providently exercised its discretion in directing the parties to pay their pro rata share of child care expenses (see Matter of Amos-Richburg v Richburg, 94 AD3d 1112, 1114; Matter of Wallin v Wallin, 53 AD3d 663, 664-665).
Finally, the Supreme Court did not err in awarding the plaintiff interim counsel fees in the sum of $5,000. The plaintiff is the less monied spouse, and the award of interim counsel fees will permit her to carry on the litigation (see Plotkin v Esposito-Plotkin, 216 AD3d 676, 678-679).
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court