Tankleff v Tankleff (2025 NY Slip Op 03351)

Tankleff v Tankleff

2025 NY Slip Op 03351

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-05074 
2023-05076
 (Index No. 702224/22)

[*1]Martin Tankleff, respondent, 
v
Laurie Tankleff, appellant.

Stempel Catterson LoFrumento Carlson & Biondo, LLP, Garden City, NY (Robin M. Quitko of counsel), for appellant.
Gassman Baiamonte Gruner, P.C., Garden City, NY (Stephen Gassman and Dari L. Last of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Queens County (Maureen McHugh Heitner, J.), entered May 30, 2023, and (2) an order of the same court, also entered May 30, 2023. The first order entered May 30, 2023, insofar as appealed from, granted those branches of the plaintiff's motion which were to hold the defendant in civil contempt for her failure to comply with certain provisions of an order of the same court entered February 28, 2023, and for an award of counsel fees incurred as a result of the contemptuous conduct to the extent of directing the defendant to pay the plaintiff the sum of $10,000 in counsel fees. The second order entered May 30, 2023, insofar as appealed from, granted that branch of the defendant's motion which was for pendente lite maintenance only to the extent of awarding her the sum of $3,842.66 per month and denied those branches of the defendant's motion which were for an award of moving expenses and pendente lite awards for automobile expenses, unreimbursed medical expenses, and counsel fees.
ORDERED that the orders entered May 30, 2023, are affirmed insofar as appealed from, with costs.
The parties were married in 2010. The plaintiff commenced this action for a divorce and ancillary relief in 2022. In an order entered February 28, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's unopposed motion which was to compel the defendant to allow the plaintiff access to the marital home to retrieve his personal belongings to the extent of directing certain dates and times for such access.
In March 2023, the plaintiff moved, inter alia, to hold the defendant in civil contempt for refusing to comply with the order entered February 28, 2023, and for an award of counsel fees incurred as a result of the contemptuous conduct. While that motion was pending, the defendant moved, among other things, for pendente lite maintenance in the sum of $15,000 per month, for an award of moving costs, and pendente lite awards for automobile expenses, unreimbursed medical expenses, and counsel fees. In an order entered May 30, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to hold the defendant in civil contempt and for [*2]an award of counsel fees incurred as a result of the contemptuous conduct to the extent of directing the defendant to pay the plaintiff the sum of $10,000 in counsel fees. In a second order, also entered May 30, 2023, the court, among other things, granted that branch of the defendant's motion which was for pendente lite maintenance only to the extent of awarding her the sum of $3,842.66 per month, representing the statutory presumptive award for temporary maintenance (see Domestic Relations Law § 236[B][5-a]), and otherwise denied the subject branches of the defendant's motion. The defendant appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Lombardi v Lombardi, 229 AD3d 537, 538 [internal quotation marks omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29). The movant must establish "(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (Spencer v Spencer, 159 AD3d 174, 177; see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d at 29). Once such a showing is made, the burden shifts to the alleged contemnor to refute that showing or to offer evidence of a defense such as an inability to comply with the order (see Lombardi v Lombardi, 229 AD3d at 538; Cassarino v Cassarino, 149 AD3d 689, 691). "Upon a determination that a party has committed civil contempt, the court may impose as a punishment a fine in an amount sufficient to indemnify the aggrieved party for an actual loss, including counsel fees" (Spencer v Spencer, 159 AD3d at 178; see Judiciary Law § 773).
Here, the plaintiff demonstrated that the defendant failed to comply with a clear and unequivocal mandate set forth in the order entered February 28, 2023, and the defendant failed to refute this showing or establish her inability to comply with the subject provisions of the order (see Lombardi v Lombardi, 229 AD3d at 538; Cassarino v Cassarino, 149 AD3d at 691). Moreover, under the circumstances, the Supreme Court's award of $10,000 in counsel fees was not an improvident exercise of discretion. Accordingly, the court properly granted those branches of the plaintiff's motion which were to hold the defendant in civil contempt and for an award of counsel fees incurred in relation to the contemptuous conduct to the extent of directing the defendant to pay the plaintiff the sum of $10,000 in counsel fees.
Domestic Relations Law § 236(B)(5-a)(c) sets forth the formula a court must use to determine the presumptively correct amount of temporary spousal maintenance (see Caputo v Caputo, 152 AD3d 643, 644; Su v Su, 128 AD3d 949, 949). A court may deviate from the presumptive award only where it finds that the presumptive award "is unjust or inappropriate" (Domestic Relations Law § 236 [B][5-a][h][1]). Where the court's award is in accordance with the statute, "[m]odifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (Safir v Safir, 206 AD3d 842, 844 [internal quotation marks omitted]; see Salmon v Lopez de Salmon, 173 AD3d 793, 794). Any perceived inequities in pendente lite awards can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (see Safir v Safir, 206 AD3d at 844; Capozzoli v Capozzoli, 187 AD3d 834, 835). Here, the defendant does not dispute that the award of temporary maintenance was in accordance with the statute. Further, she has failed to establish that the award was unjust or inappropriate, or the existence of exigent circumstances warranting a modification of the award. As the statutory formula to determine temporary maintenance "is intended to cover all of a payee spouse's basic living expenses" (Capozzoli v Capozzoli, 187 AD3d at 835 [internal quotation marks omitted]), the Supreme Court did not err in denying those branches of the defendant's motion which were for an award of moving costs and for pendente lite awards for automobile expenses and unreimbursed medical expenses.
In a matrimonial action, there is "a rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237[a]). Still, an award of counsel fees, including interim counsel fees, is a matter within the sound discretion of the court, "and the issue is controlled by the equities and circumstances of each particular case" (Fugazy v Fugazy, 210 [*3]AD3d 653, 655 [internal quotation marks omitted]; see Hutchinson v Hutchinson, 219 AD3d 1320, 1322). "The court should review the financial circumstances of both parties, together with all of the other circumstances of the case, which may include the relative merit of the parties' positions and whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (Lombardi v Lombardi, 229 AD3d at 539 [alteration and internal quotation marks omitted]; see Lopez v Lopez, 221 AD3d 797, 798). Considering all of the relevant circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for an award of interim counsel fees.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court